ERNEST WILLIAMS, Plaintiff-Appellee, *v.* BOARD OF REVIEW, DE-PARTMENT OF LABOR, Defendant-Appellant (United States Steel Corporation, Defendant).

Third District   No. 3—83—0377

Opinion filed April 10, 1984.

Neil F. Hartigan, Attorney General, of Springfield (Kathleen M. Lien, Assistant Attorney General, of counsel), for appellant.

No brief filed for appellee.

JUSTICE STOUDER delivered the opinion of the court:

This matter comes before us on administrative review. The plaintiff-appellee, Ernest Williams, filed a claim for Trade Readjustment Allowance benefits under the Trade Act of 1974 (19 U.S.C. secs. 2272 through 2322 (1976).) The Illinois Department of Labor (IDOL) denied the claim. The circuit court of Will County found the IDOL's decision to be contrary to the manifest weight of the evidence and ordered that benefits be paid the plaintiff. The IDOL appeals the decision of the circuit court. We reverse.

We note initially that the plaintiff filed no brief in this cause. Nevertheless, we decide the case on its merits. It is well established that, where justice so requires, the record is simple and the claimed errors are such that the court can decide them without the aid of an appellee's brief, a court of review may decide the merits of the appeal.

*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The Trade Act of 1974 provides, *inter alia*, for adjustment assistance for workers who lose work as a result of increased imports. The Act provides that payment of a trade readjustment allowance shall be made to certain adversely affected workers covered by a certification of eligibility to apply for assistance. (19 U.S.C. secs. 2271, 2273, 2291 (1976).) The States may cooperate in administering the Federal Act. (19 U.S.C. sec. 2311 *et seq.* (1976).) The grant of a certification of eligibility is based on statutory criteria. (19 U.S.C. secs. 2272, 2273 (1976).) The grant is akin to a preliminary entitlement step. Only those in the eligibility group may apply for assistance. (19 U.S.C. secs. 2273(a), 2291 (1976); *Lloyd v. United States Department of Labor* (9th Cir., 1980), 637 F.2d 1267.) In Illinois, a worker applies to the IDOL to make a claim under a trade readjustment certification.

In January of 1978 the USDOL received, on behalf of all workers employed with the production of carbon steel rods and merchant wire at the Joliet-Waukegan United States Steel Corporation plant, petition TA-W-3205, a petition for certification. The petition sought the Department's certification of eligibility enabling those workers to apply for readjustment assistance. (19 U.S.C. sec. 2271 (1976).) In a letter of July 20, 1978, the USDOL granted certification that some of the plant's workers were eligible to apply for adjustment assistance. (19 U.S.C. sec. 2272 (1976).) In a second clarifying memorandum concerning TA-W-3205, the USDOL specified that the "certification was designed to cover *workers in the no. 2 rod mill and billet storage area only."* (Emphasis added.)

Prior to October of 1979, when he was laid off, the plaintiff worked as a nail machine operator at the Joliet-Waukegan plant. After he was laid off, the plaintiff filed his claim for a trade readjustment allowance under the certification on petition TA-W-3205. The IDOL claims adjudicator determined that the plaintiff was not entitled to a trade readjustment allowance. An IDOL referee affirmed that determination, finding that the TA-W-3205 certification covered only workers in the No. 2 rod mill and billet storage areas. The referee found further that the plaintiff did not work in one of those specified areas. The referee therefore concluded that the plaintiff was ineligible for benefits since he had not lost work from one of the areas certified in TA-W-3205 as adversely affected. (19 U.S.C. sec. 2291 (1976).) The IDOL Board of Review adopted the referee's finding and decision.

The plaintiff sought administrative review of the IDOL's decision. (19 U.S.C. sec. 2311 (d) (1976); Ill. Rev. Stat. 1983, ch. 110, pars. 3—

101 through 3—112.) On review the circuit court reversed the IDOL's decision. The court reasoned that it was contrary to the manifest weight of the evidence to deny the plaintiff benefits because he did not work in the No. 2 rod mill when the plaintiff's layoff was caused by the closing of the No. 2 rod mill. The record includes neither a transcript of the hearing nor evidence of arguments the plaintiff presented.

■ Under the Administrative Review Act (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 *et seq.*), an administrative agency's findings and conclusions on questions of fact are *prima facie* true and correct. The circuit court is authorized to set aside an agency finding only if it is against the manifest weight of the evidence. (*Petraitis v. Board of Fire & Police Commissioners* (1975), 31 Ill. App. 3d 864, 335 N.E.2d 126.) An agency decision may be adjudged against the manifest weight of the evidence only if it appears from the record that an opposite conclusion is clearly evident. *Ernzen v. Board of Trustees* (1981), 96 Ill. App. 3d 1143, 421 N.E.2d 1065.

■ An examination of the record reveals that the IDOL's decision that the plaintiff was not covered by certification TA-W-3205 and therefore was not eligible for assistance on his application was not against the manifest weight of the evidence. The Trade Act of 1974 provides that "*** a trade readjustment allowance shall be made to an adversely affected worker covered by a certification ***." (19 U.S.C. sec. 2291 (1976).) USDOL letters regarding TA-W-3205 certification support the IDOL finding that the plaintiff was not covered by the certification under which he applied for benefits. There is no evidence in the record that the plaintiff may have been covered by a certification other than TA-W-3205.

Accordingly, the judgment of the circuit court of Will County is reversed. The decision of the Board of Review of the Illinois Department of Labor is reinstated.

Judgment reversed.

ALLOY, P.J., and HEIPLE, J., concur.