MARK J. SHEARER, Plaintiff-Appellant, v. DONALD R. HULICK, Sheriff of Knox County, Defendant-Appellee, (James Asplund *et al.*, Defendants).

Third District   No. 3—86—0309

Opinion filed December 31, 1986.

David Reid Clark, of Clark & Kanthak, of Monmouth, for appellant.

Raymond Kimbell II, State's Attorney, of Galesburg, for appellee Donald R. Hullick.

JUSTICE STOUDER delivered the opinion of the court:

Defendant, Donald R. Hulick, sheriff of Knox County, charged plaintiff, Mark J. Shearer, then a captain with the sheriff's department, with engaging in political activity prohibited by article VI, paragraph B.14, of the rules, regulations, and procedures of the Knox County, Illinois, merit commission. At a hearing before the

Knox County merit commission (commission), Shearer was found to be in violation of the rule and the commission ordered his discharge. Shearer filed a complaint for administrative review in the circuit court of Knox County, which affirmed the decision of the commission, and this appeal follows.

At a departmental meeting of the Knox County sheriff's department, Hulick had announced that he had met earlier with Shearer and that Shearer had told him he had no intention of running for county sheriff. Hulick then announced that he would seek reelection. Shearer denied that this earlier meeting had taken place and that he did have an intention to run for sheriff in the future.

A week later, an article appeared in the local newspaper stating that Shearer had confirmed his intention to run for sheriff in the upcoming sheriff's election. The day following the publication of the article, Hulick handed Shearer a letter expressing his concern over recent events and giving Shearer one week to formally disclaim any interest to run for the office of sheriff. Shearer did not respond to the letter. Hulick then suspended Shearer for 30 days without pay. Hulick then filed formal written charges with the commission and extended the suspension for another 30 days.

The commission held a hearing at which it received testimony. At no time had Shearer taken any of the formal steps to declare his candidacy, although some of the witnesses opined that Shearer appeared to be interested in a future candidacy. After receiving the evidence, the commission found Shearer in violation of the rules and discharged him from employment with the department, and that decision was affirmed by the circuit court. This appeal was filed and for the following reasons, we reverse.

■ It has long been established in Illinois that the findings and conclusions of an administrative agency on questions of fact are *prima facie* true and correct and that, on review, the scope of our inquiry is limited to ascertaining whether the agency's decision was contrary to the manifest weight of the evidence. (*Sutton v. Civil Service Com.* (1982), 91 Ill. 2d 404, 438 N.E.2d 147.) However, as this court has stated before, the agency's decision will be deemed against the manifest weight of the evidence if it appears from the record that the opposite conclusion is clearly evident. (*Williams v. Board of Review, Department of Labor* (1984), 123 Ill. App. 3d 263, 462 N.E.2d 201.) This case presents just such a situation.

Article VI, paragraph B.14, states:

"No Deputy Sheriff in the County Police Department shall participate in any manner in the activities or interests of any

political party or of any candidate for public office \*\*\*, nor become a candidate himself. Violation of any provision hereof shall be cause for removal of any Deputy Sheriff \*\*\*."

■ The commission found Shearer in violation of this section when it was deemed that he had become a candidate for the office of county sheriff. On appeal, defendants attempt to have this court affirm that decision by citing, as authoritative and supportive, the common-usage definitions of candidate from Webster's New Collegiate Dictionary and Black's Law Dictionary, which state that a candidate can be one who seeks or offers himself for office without the necessity of being nominated or simply as one who aspires to or is qualified for an office. However, since elections are governed by State law in the form of the Election Code (Ill. Rev. Stat. 1985, ch. 46, par. 1—1 *et seq.*), the legislature has the power to make any reasonable definition of the terms in a statute, and such definitions, for that purpose will be controlling. *Commonwealth Edison Co. v. Property Tax Appeal Board* (1984), 102 Ill. 2d 443, 468 N.E.2d 948.

In this case, more authority is available by using the definition of candidate as defined by the legislature in section 9—1.3 of the Election Code. That section states:

"Sec. 9—1.3 'Candidate' means any person who seeks nomination for election, election to or retention in public office, whether or not such person is elected. A person seeks nomination for election, election or retention if he (1) takes the action necessary under the laws of this State to attempt to qualify for nomination for election, election to or retention in public office, or (2) receives contributions or makes expenditures, or gives consent for any other person to receive contributions or make expenditures with a view to bringing about his nomination for election or election to or retention in such office." Ill. Rev. Stat. 1985, ch. 46, par. 9—1.3.

■ Shearer had no intention of announcing his candidacy prematurely and any information that was disseminated to the public in regard to his intention to become a candidate in the future was initiated by Hulick. As for any of the actions that had taken place prior to the commission's determination, none of those could be interpreted as making Shearer a candidate within the meaning of section 9—1.3 of the Election Code. As this was the basis for the violation determination and Shearer's discharge, we find the agency's determination to be contrary to the manifest weight of the evidence.

For the foregoing reasons, the judgment of the circuit court of Knox County, affirming the commission's decision, is reversed and

remanded with instructions to enter judgment in favor of the plaintiff ordering reinstatement and compensation for the wrongful discharge.

Reversed and remanded.

BARRY and WOMBACHER, JJ., concur.